UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MK CONTRACTORS, LLC, a Florida limited company,

       Plaintiff,

vs.

AMERISURE MUTUAL INSURANCE CO., a foreign corporation; AIR MANAGEMENT SYSTEMS, INC., an inactive Florida corporation; CHEM-AQUA, INC., a foreign corporation; SKYLINE ON BRICKELL CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation; AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, a foreign corporation; WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a foreign corporation; CRUM & FORSTER SPECIALTY INSURANCE COMPANY, a foreign corporation; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a foreign corporation; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a foreign corporation; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, a foreign corporation; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, a foreign corporation; ACE AMERICAN INSURANCE COMPANY, a foreign corporation; AMERICAN HOME ASSURANCE COMPANY, a foreign corporation,

CASE NO:

       Defendants.
_____/

**NOTICE OF REMOVAL**

Case No.

Defendant ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY ("Zurich") respectfully sets forth their grounds for removal as follows:

1. This is an action for declaratory relief brought by Plaintiff MK CONTRACTORS, LLC ("MK") seeking insurance coverage from Zurich and several other insurance companies in regard to a lawsuit brought against MK relating to construction defects claimed as a result of the development of a condominium project in Miami-Dade County, Florida known as Skyline on Brickell Condominiums (the "Project").  MK was general contractor of the Project.

2. Suit was commenced on March 14, 2013 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  The case was stayed on August 26, 2013.  As no progress was made or action taken in this matter, the case was dismissed for lack of prosecution on November 6, 2014 and reinstated on February 9, 2015.  As the matter did not progress in state court until the matter was reinstated and as the time for removal also did not begin until this matter was reinstated on February 9, 2015, removal is being timely sought.  *Price v. Wyeth Holdings Corp.*, 505 F.3d 624 (7th Cir. 2007) ("It goes without saying that a dismissed case cannot be removed; removal time limits do not continue to run after a case has been dismissed."); *Boardakan Restaurant, LLC v. Atlantic Pier Associates, LLC*, CIV. A. No. 11-5676, 2012 WL 365108, at * 5 (E.D. Pa. Aug. 27 2012) ("It is also inconsistent with the purpose of § 1446(b) [to run the removal clock when a case is dismissed and cannot be removed].  The one-year limitation is intended to prevent removal from occurring after substantial progress is made in state court.  No progress is made in state court while a suit is dismissed, so it does not contravene the statute's purpose to stay the removal clock during that hiatus.") (internal citations and quotations omitted).

Case No.

3. Zurich was served with the operative second amended complaint in this matter on May 7, 2015. This Notice of Removal is being filed within 30 days of Zurich's notice of the suit.

4. Zurich was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in New York, with its principal place of business in Schaumburg, Cook County, Illinois.

5. Defendant Amerisure Mutual Insurance Company ("Amerisure") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Michigan, with its principal place of business in Farmington Hills, Oakland County, Michigan.

6. Defendant American Empire Surplus Lines Insurance Company ("American Empire") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Delaware, with its principal place of business in Cincinnati, Hamilton County, Ohio.

7. Defendant Westchester Surplus Lines Insurance Company ("Westchester") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Georgia, with its principal place of business Philadelphia, Philadelphia County, Pennsylvania.

8. Defendant Crum & Forster Specialty Insurance Company ("Crum") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Arizona, with its principal place of business in Morristown, Morris County, New Jersey.

Case No.

9. Defendant The Insurance Company of the State of Pennsylvania ("Insurance Company of PA") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Pennsylvania, with its principal place of business in New York, New York County, New York.

10. Defendant American Guarantee & Liability Insurance Company ("American Guarantee") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in New York, with its principal place of business in Schaumburg, Cook County, Illinois.

11. Defendant National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Pennsylvania, with its principal place of business in New York, New York County, New York.

12. Defendant ACE American Insurance Company ("ACE") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Pennsylvania, with its principal place of business in Philadelphia, Philadelphia County, Pennsylvania.

13. Defendant American Home Assurance Company ("American Home") was at all times herein, including but not limited to the time the action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in New York, with its principal place of business in New York, New York County, New York.

15069887V1 0973424

...

Case No.

14. MK is a Florida limited liability company, with is principal place of business in Miami-Dade County, Florida and with its members having citizenship in Florida as well.

15. The amount in controversy, exclusive of interest and costs, exceeds $75,000. This is based upon the pleadings in the underlying action, for which MK seeks defense and indemnify from Zurich and the other insurer defendants, and discovery to date in the underlying action, which allege damages are in excess of $2,000,000.

16. As Zurich, Amerisure, American Empire, Westchester, Crum, Insurance Company of PA, National Union, ACE and American Home are not citizens of the State of Florida and MK is a citizen of the State of Florida and because the amount in controversy is in excess of $75,000, exclusive of interest, attorney's fees and costs, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441.

17. By filing this Notice of Removal, Zurich consents to the removal to this action from state to federal court.

18. Amerisure, American Empire, Westchester, Crum, Insurance Company of PA, National Union, ACE and American Home have all advised counsel for Zurich that they consent to removal of this action from state to federal court as well.

19. The consent of the remaining Defendants, Skyline on Brickell Condominium Association, Inc. ("Skyline"), Air Management Systems, Inc. ("AMSI"), and Chem-Aqua, Inc. ("Chem-Aqua"), subcontractors on the Project, is not required as there are no allegations in the Complaint against Skyline, AMSI or Chem-Aqua. Additionally, these parties should be realigned as their interests are more properly aligned with that of MK, as evidenced Skyline's cross-claim against the insurer defendants, in which Skyline also takes the position that there is coverage relating to the Project under the insurance policies issued by the insurer defendants.

15069887V1 0973424

Case No.

20. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and orders then on file in the state court as of June 5, 2015 are attached as Exhibit A.[1]

21. A copy of this Notice will be promptly filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Wherefore, Zurich American Insurance Company and American Guarantee & Liability Insurance Company respectfully request this Court to remove this Miami-Dade action to this Court pursuant to the provisions of 28 U.S.C. § 1441.

    Respectfully submitted,

    HINSHAW & CULBERTSON LLP

    */s/Ronald L. Kammer*
    **Ronald L. Kammer**
    Florida Bar No. 360589
    rkammer@hinshawlaw.com
    **Pedro E. Hernandez**
    Florida Bar No. 30365
    phernandez@hinshawlaw.com
    **Nicole Di Pauli Gould**
    Florida Bar No. 110363
    ndipauligould@hinshawlaw.com
    2525 Ponce De Leon Boulevard, 4th Floor
    Coral Gables, Florida 33134
    Telephone: 305-358-7747
    Facsimile: 305-577-1063

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via E-Mail on June 8, 2015, on: the attached Service List.

    */s/ Ronald L. Kammer*
    Ronald L. Kammer

---

[1] The pleadings in the state court action are voluminous and will be filed in several parts.

Case No.

Service List

**Counsel for Amerisure Mutual Insurance Company**
Andrew F. Russo, Esq.
109 N. Brush Street
Tampa, Florida 33602-4157
arusso@rywantalvarez.com
rcd@rywantalvarez.com


**Counsel for Chem-Aqua, Inc.**
Aldo M. Leiva, Esq.
Lubell Rosen
1 Alhambra Plaza
Suite 1410
Coral Gables, Florida 33134
aml@lubellrosen.com
agreen@bakerdonelson.com

**Counsel for Skyline On Brickell Condominium Association, Inc.**
Kelly Corcoran, Esq.
Evan Small, Esq.
Ball Janik LLP
201 E. Pine Street
Suite 825
Orlando, FL 32801
kcorcoran@balljanik.com
esmall@balljanik.com

**Counsel for American Empire Surplus Lines Insurance Company**
Steven R. Gross, Esq.
Rory Eric Jurman, Esq.
Fowler White Burnett, P.A.
One Financial Plaza
Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
sgross@fowler-white.com
rjurman@fowler-white.com

15069887V1 0973424

Case No.

**Counsel for Westchester Surplus Lines Insurance Company and Ace American Insurance Company**
Sina Bahadoran, Esq.
Hinshaw & Culbertson LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, Florida 33134
sbahadoran@hinshawlaw.com

**Counsel for Crum & Forster Specialty Insurance Company**
Holly S. Harvey, Esq.
Thornton, Davis & Fein, P.A.
Brickell City Tower
80 SW 8th Street, Suite 2900
Miami, Florida 33130
harvey@tdflaw.com

**Counsel for The Insurance Company of the State of Pennsylvania and National Union Fire Insurance Co. of Pittsburgh, PA**
Cindy L. Ebenfeld, Esq.
Hicks, Porter, Ebenfeld & Stein, P.A.
11011 Sheridan Street
Suite 104
Hollywood, Florida 33026-1501
cebenfeld@mhickslaw.com

15069887V1 0973424